| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 10-5-2015<br>9:53 a.m. (35 minutes) |

*Boston v. Suffolk County, New York et al.,*
**CV 14-5791 (ADS) (AKT)**

TYPE OF CONFERENCE:       **TELEPHONE STATUS CONFERENCE**

APPEARANCES:    Plaintiff    Peter Brill

Defendant    Jessica Spencer (Suffolk County Defendants)

Stanley E. Orzechowski (Town of Smithtown Defendants)

FTR:    9:53-10:28

SCHEDULING:

The Pretrial Conference will be held on June 1, 2016 at 2:30 p.m.

THE FOLLOWING RULINGS WERE MADE:

1. The Court expressed its concern about the contents of the report submitted by the parties. Plaintiff acknowledged that he had not conferred with defendants' counsel before filing his discovery status report, which was supposed to be a joint report. Counsel noted that he offered to file a supplemental submission after reviewing the subsequent response to the Court filed by defendants' counsel.

2. The Court further inquired why it took four months to take the plaintiff's deposition. Upon hearing from counsel, the Court emphasized the need for the parties to communicate with the Court, as they were previously instructed, if they are not going to meet a deadline set forth in the CMSO.

3. An issue arose as to whether plaintiff is actually seeking to introduce an expert into the case when the deadline to serve expert reports and expert disclosures under Rule 26 is October 20, 2015 pursuant to the Court's Final Scheduling Order [DE 15] which was entered on May 18, 2015. Plaintiff's counsel stated it was his intention to introduce any of the treating physicians specifically in that capacity. Apparently, the plaintiff made some reference in his deposition testimony to PTSD, for which he has no formal diagnosis according to counsel. Without such a diagnosis, plaintiff is precluded from introducing any expert testimony as to that issue. Plaintiff's counsel stated that he does not intend to introduce any expert medical witness. Plaintiff intends to present his neurologist, Dr. Choi, his therapist, Renee Block, his treating physician from St. Catherine's and one of the three individuals from the Commack Ambulance Corps who responded to the scene when plaintiff was having seizures in his home. Plaintiff's counsel was directed to identify one witness from this group of three to Defendants' counsel by this Friday, along with identifying the treating physicians from St. Catherine's.

4. Counsel for the defendants stated that they have not gotten all of the necessary HIPAA authorizations which they need. I directed counsel to remain on the phone line after we completed the conference to discuss and resolve all of the outstanding HIPAA issues as well as the medical records. Plaintiff is to provide a HIPAA authorization for the records of Dr. Choi to defendants' counsel by this Friday. Likewise, plaintiff is to provide HIPAA releases by Friday for the newly identified doctors plaintiff brought up at his deposition.

   I directed defendants' counsel to give me the names and addresses of the providers who are delinquent in not providing the necessary medical records promptly and I will issue orders directing production of those records forthwith. Counsel also need to provide a copy of the HIPAA authorizations (which were originally served on the providers) as an attachment to the Orders I issue. Counsel were directed to fax a copy of the HIPAA releases to Chambers and those will be filed under seal with the Clerk's Office. The Orders will direct counsel who is seeking the records to actually serve the delinquent providers with a copy of the Court Orders, and to also attach a copy of the HIPAA authorizations to each of them respectively.

5. Plaintiff's counsel was directed to make his client available for a Rule 35 examination by November 6, 2015. Counsel will confer to arrive at a date when plaintiff is available and the examining doctor is available. The report of defendants' examining expert must be served by November 30, 2015. If plaintiff elects to file a rebuttal expert report, that report and any expert disclosures must be served on defendants by January 7, 2016. Alternatively, if plaintiff's counsel decides to take a deposition of the defendants' expert in lieu of a rebuttal report, then that deposition must be completed by January 7, 2016.

6. Plaintiff's counsel intends to depose 7 individuals from Smithown and Suffolk County, and one EMT deposition. The County and counsel for Smithtown want to take the deposition of plaintiff's wife and daughter as well as a neighbor.

7. The tax returns at issue are to be turned over by plaintiff by this Friday.

8. We had some discussion about plaintiff's declining to answer certain questions at his deposition. Plaintiff's counsel represented that he no longer intends to bring in a toxicology expert. In light of that representation, the issue of the two potential individuals in Queens from whom the plaintiff purportedly obtained drugs during the time frame in question now appears moot.

9. Plaintiff's counsel stated that plaintiff is not objecting to defendants speaking with plaintiff's health care providers and executing Arens authorization on HIPAA forms for that purpose. Those authorizations are to be provided to defendants' counsel by this Friday as well.

**AMENDED FINAL SCHEDULING ORDER**:

- Plaintiff's Rule 35 examination to be
  completed by:                                                                     November 6, 2015

- Report of defendants' Rule 35 examiner/
  Expert must be served by:                                                      November 30, 2015

- Rebuttal report of plaintiff's expert or
  alternatively, plaintiff's deposition of
  defendants' expert must be completed by:                            January 7, 2016

- All fact discovery completed by:  January 29, 2016

- Moving party's Rule 56.1 Statement of
  Undisputed Facts must be served by:  February 23, 2016

- Opposing party's Rule 56.1 Counterstatement
  must be served by:  March 16, 2016

- Any letter request for a pre-motion conference
  to Judge Spatt for purposes of making a
  summary judgment motion must be filed by:  March 25, 2016

- Proposed Joint Pre-Trial Order must be
  filed on ECF by:  May 26, 2016

- <u>Pre-Trial Conference will be held on</u>:  June 1, 2016 at 2:30 PM

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge