| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 6-30-2017<br>11:28 a.m. (35 minutes) |

*Boston v. Suffolk County, New York, et al.*
**CV 14-5791 (ADS) (AKT)**

TYPE OF CONFERENCE: **PRE-TRIAL CONFERENCE**

APPEARANCES:   Plaintiff     Joseph P. Griffin

Defendant   Kyle O. Wood    (Suffolk County Defendants)
Stanley E. Orzechowski (Town of Smithtown Defendants)

FTR:   11:28 - 12:03

THE FOLLOWING RULINGS WERE MADE:

1. I spent some time reviewing with counsel the proposed Joint Pre-Trial Order ("JPTO") which was submitted in advance of today's conference. At the outset, plaintiff's counsel stated that at the last conference before Judge Spatt, he discussed the fact that the plaintiff intends to make a motion to amend the Complaint for the explicit purpose of replacing the "John Doe" designation in the caption to the names of the actual officers involved. I raised the question of a potential issue with the statute of limitations. Counsel is aware of that issue and advised that he was directed by Judge Spatt's staff to file his motion to amend when he files his opposition to the anticipated summary judgment motion.

2. Turning to the proposed JPTO, the Court pointed out to counsel that the lengthy setting forth of argument in the "Brief Statement of the Claims and Defenses to Be Tried," is far from brief and does not comply with the letter or the spirit of Judge Spatt Individual Rules and must be pared down.

3. Counsel were directed to have a further meet-and-confer to actually compile some essential some essential stipulated facts on which the parties agree (the Court provided some examples). The Court will not certify the case over to Judge Spatt without this section being further developed.

4. A dispute apparently has arisen regarding the naming of certain physicians and a registered nurse in the witness list when defendants' counsel contends that these names were not previously disclosed in the plaintiff's Rule 26 initial disclosures, nor when he provided in any supplemental disclosures. Plaintiff's counsel represented that these are treating physicians and a nurse who was on duty when the plaintiff was brought in for treatment. This issue was previously addressed by the Court and plaintiff was precluded from introducing any of these individuals as *expert* witnesses, but indicated they could come in as fact witnesses. As to Julia Moore, she is a fact witness who has information regarding a very limited issue in the case according to plaintiff's counsel.

    Defendants raised this objection but also noted that it is possible that Dr. Choi may have been mentioned in the Initial Disclosures, although the other witnesses were not.

    After hearing from both sides, the Court that the party should proceed to complete summary judgment motion practice. If the summary judgment motion is denied, the Court will permit the other treating physicians to be included, with the understanding that defendants will be permitted to take the depositions of those treating physicians, as well as the nurse and Julia Moore. **If the motion is denied, all counsel are directed to contact the Court to set up a telephone conference within three days of Judge Spatt's decision**.

5. The section on designated deposition testimony is faulty. This section is dedicated to a party designating testimony that he/she wishes to introduce when the witness is "unavailable" pursuant to the Federal Rules. No such designations appear here and counsel acknowledged today that they only included this information to ensure that they would be able to use the previous deposition transcripts for impeachment purposes. Based on that representation, there's no need to include all of these names in this section of the proposed Order. Counsel can readily states that the parties are reserving your rights to use the deposition transcripts for impeachment purposes or if one of the witnesses suddenly becomes "unavailable" under the Rules at the time of trial.

6. The Exhibits section needs to be revamped. Among other things, counsel cannot submit blocks of exhibits. For example, all of the medical records should not be lumped together. They should be broken down by physician and/or hospital or medical provider. Counsel were advised that the best option here is to set up a chart in the same fashion the attorneys would be listing these exhibits at the time of trial. The first column should list the exhibit number or letter. The second column should list the Bates number or deposition exhibit number of that particular document. The third column should provide a description of the actual exhibit. The fourth column should state specifically if there is no objection. If there is an objection, counsel needs to state the basis for the objection (i.e., hearsay, relevance, lack of foundation etc.). Counsel are directed to make the necessary changes. Counsel were further reminded that the certification order sending the case back to Judge Spatt as trial-ready states very specifically that any objections not raised at that time is deemed waived for trial purposes.

    Counsel were further directed to remove the lengthy "objections" language which follows the exhibit lists pursuant to the instructions given today for the reasons stated in the record.

    One of these "block" exhibits is included in both the Suffolk County defendants and the Smithtown defendants' lists of exhibits and designated "Robert Boston Criminal History." First of all, the Court has no way of knowing exactly what documents defendants intend to utilize here. In addition, plaintiff's counsel vehemently objects to the inclusion of such records. It appears to the Court that these records may be more than 10 years old and are not likely to be admitted in any event unless they fall into one of the exception categories under the statute/Rules. It is impossible to issue a ruling on this item without seeing the contents of the exhibit. Once the proposed order is amended as directed in this Order, either this Court will be in a position to make such a ruling or plaintiff's counsel can file an appropriate motion *in limine* before Judge Spatt. The same holds true for Defendants' exhibit referenced as "plaintiff's wife's Prescription bottles."

7. The Court is holding in abeyance the parties' submission of an "Amended" JPTO until Judge Spatt has rendered a decision on the anticipated motions for summary judgment. If those

motions are denied in whole or in part, counsel are directed to contact this Court within three days of Judge Spatt's decision to deal with the outstanding issues concerning the JPTO.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge